RECEIVED
USDC, WESTERN DISTRICT OF LA
TONY R. MOORE, CLERK
DATE 12/10/13
JDB

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
ALEXANDRIA DIVISION

| | |
|---|---|
| DONTRALE PHILLIPS | DOCKET NO. 13-CV-2238; SEC. P a |
| VERSUS | JUDGE TRIMBLE |
| WARDEN, ET AL. | MAGISTRATE JUDGE KIRK |

### REPORT AND RECOMMENDATION

Pro se Petitioner Dontrale Demarko Phillips is an inmate incarcerated at the Rapides Parish Detention Center in Alexandria, Louisiana. He filed a petition for writ of habeas corpus pursuant to 28 U.S.C. §2254. Petitioner claims that he is being wrongfully detained with regard to arrests on July 31, 2012, for four counts of contempt of court, failure to pay fines, city probation violations, simple assault, and three counts of armed robbery.

This matter has been referred to the undersigned for review, report, and recommendation pursuant to the provisions of 28 U.S.C. §636 and the standing orders of the Court.

### *Petitioner's Claims*

Petitioner is a pretrial detainee presently confined in the Rapides Parish Detention Center pending criminal charges in state court. Petitioner states that he was arrested on July 31, 2012, "by virtue or under pretext of a court order based totally on four counts of contempt of court, failure to pay fines, city probation violations and one count simple assault resulting from arrest incidents that occurred in 2010 and 2011." [Doc. #1, p.2] He was also arrested that day for three counts of armed robbery. He

alleges that he is being held without bond, and that his trial is set for December 9, 2013. By way of the instant federal petition, Phillips challenges his pre-trial detention.

### *Law and Discussion*

Phillips purports to bring this action under 28 U.S.C. § 2254. A pretrial petition challenging ongoing state criminal proceedings, however, is properly brought under 28 U.S.C. §2241. See <u>Stringer v. Williams</u>, 161 F.3d 259, 262 (5th Cir. 1998)(construing petition filed to seek release from pending state criminal proceeding as brought under 28 U.S.C. §2241 rather than 28 U.S.C. §2254); <u>Dickerson v. Louisiana</u>, 816 F.2d 220, 224 (5th Cir. 1987) (same). Thus, this court construes Phillips' petition as seeking relief pursuant to §2241, the proper procedural vehicle in this case.

A state pretrial detainee is entitled to raise constitutional claims in a federal habeas proceeding under §2241 if two requirements are satisfied. First, the petitioner must be in custody. See 28 U.S.C. § 2241(c); <u>Dickerson</u>, 816 F.2d at 224. Clearly, Phillips, who remains incarcerated in the Rapides Parish Detention Center on the pending criminal charges, is "in custody" for purposes of §2241.

Second, the petitioner must have exhausted his available state remedies. See <u>Dickerson</u>, 816 F.2d at 224. State remedies are ordinarily not considered exhausted so long as the petitioner may effectively present his claims to the state courts by any currently

available and adequate procedure. <u>Braden v. 30th Judicial Circuit Ct. of Ky.</u>, 410 U.S. 484, 489-92 (1973). Typically, in order to exhaust, a petitioner must fairly apprise the highest state court of the federal rights that were allegedly violated. <u>See</u> <u>Deters v. Collins</u>, 985 F.2d 789, 795 (5th Cir. 1993); <u>Richardson v. Procunier</u>, 762 F.2d 429, 432 (5th Cir. 1985). In Louisiana, this requires that the claims be presented to the Louisiana Supreme Court by way of either a petition for discretionary review or post-conviction writ of habeas corpus before a pretrial detainee may seek federal habeas corpus relief. <u>See</u> <u>Deters</u>, 985 F.2d at 795; <u>Procunier</u>, 762 F.2d at 432; see also <u>Sones v. Hargett</u>, 61 F.3d 410, 415 (5th Cir. 1995)(exhaustion of state remedies may be accomplished either directly or collaterally). A petitioner may be excused from the exhaustion requirement only if he can show "exceptional circumstances of peculiar urgency." <u>Deters</u>, 985 F.2d at 795. **Absent exceptional circumstances, a pretrial detainee may not adjudicate the merits of his constitutional claims before a judgment of conviction has been entered by a state court.** <u>See</u> <u>Braden,</u> 410 U.S. at 489. **"Derailing of a pending state proceeding by an attempt to litigate constitutional defenses prematurely in federal court" is not allowed.** <u>See</u> <u>id.</u> at 493.

In order to satisfy the exhaustion requirement, the party seeking habeas relief must have provided all state courts that could review the matter with a fair opportunity to review all of

3

his habeas corpus claims before a federal court will review those claims. See <u>Anderson v. Harless</u>, 459 U.S. 4, 103 S.Ct. 277 (1982); <u>Picard v. Connor</u>, 404 U.S. 270, 275 (1971). Under the law of Louisiana, a detainee claiming that he is entitled to immediate release must raise his challenge by a writ of habeas corpus under the criminal jurisdiction of the appropriate district court. <u>Madison v. Ward</u>, 00-2842 (La.App. 1st Cir. 7/3/02), 825 So.2d 1245, 1254 (en banc). The district court's denial of such a claim is not appealable; **however**, it is reviewable by the appropriate court of appeal ***by supervisory writ***. LSA-C.Cr.P. art. 369; <u>Madison</u>, 825 So.2d at 1250; <u>Bernard v. Louisiana Dept. of Public Safety and Corrections</u>, 2000-1912 (La.App. 1 Cir. 9/20/02), 843 So.2d 413. Thereafter, a state habeas petitioner must seek further review in the Louisiana Supreme Court.

Phillips alleges that he has exhausted his claim in accordance with the law because La.C.Cr.P. art 369 states that there shall be no appeal from a judgment granting or refusing to grant release upon a petition for a writ of habeas corpus. **Plaintiff is correct that there is no appeal from such a judgment; appellate review is by supervisory writ.** See <u>id.</u> That is, the Third Circuit can still review the denial of a petition for writ of habeas corpus through the filing of a a supervisory writ.

Phillips has not satisfied the exhaustion requirement as to the claims presented or shown that he should be excused from the

exhaustion requirement by demonstrating exceptional circumstances warranting federal intrusion at this juncture. Accordingly, pretrial habeas interference by this court is not authorized. See Braden, 410 U.S. at 493. After the state proceedings are concluded, federal habeas proceedings can be instituted by Walker after he has exhausted his state remedies.

Therefore, **IT IS RECOMMENDED** that this petition be dismissed without prejudice to Phillips' right to seek federal habeas corpus relief after the state proceedings are concluded and after he has properly exhausted.

### *Objections*

Under the provisions of 28 U.S.C. §636(b)(1)(C) and Fed.R.Civ.P. 72(b), the parties have fourteen (14) calendar days from service of this Report and Recommendation to file specific, written objections with the clerk of court. No other briefs or responses (such as supplemental objections, reply briefs etc.) may be filed. Providing a courtesy copy of the objection to the magistrate judge is neither required nor encouraged. Timely objections will be considered by the district judge before he makes his final ruling.

**FAILURE TO FILE WRITTEN OBJECTIONS TO THE PROPOSED FINDINGS, CONCLUSIONS, AND RECOMMENDATIONS CONTAINED IN THIS REPORT WITHIN FOURTEEN (14) CALENDAR DAYS FROM THE DATE OF ITS SERVICE SHALL BAR AN AGGRIEVED PARTY, EXCEPT UPON GROUNDS OF PLAIN ERROR, FROM**

ATTACKING ON APPEAL THE UN-OBJECTED-TO PROPOSED FACTUAL FINDINGS AND LEGAL CONCLUSIONS ACCEPTED BY THE DISTRICT JUDGE.

*Certificate of Appealability*

Pursuant to Rule 11(a) of the Rules Governing Section 2254 Cases in the United States District Courts, this court must issue or deny a certificate of appealability when it enters a final order adverse to the applicant. Unless a Circuit Justice or District Judge issues a certificate of appealability, an appeal may not be taken to the court of appeals. Within fourteen (14) days from service of this Report and Recommendation, the parties may file a memorandum setting forth arguments on whether a certificate of appealability should issue. See 28 U.S.C. §2253(c)(2). A courtesy copy of the memorandum shall be provided to the District Judge at the time of filing.

**THUS DONE AND SIGNED** in chambers, in Alexandria, Louisiana, on this 10th day of December, 2013.

JAMES D. KIRK
UNITED STATES MAGISTRATE JUDGE